

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-22-00669-CR

Arnoldo A. **ALMEIDA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CR7294
Honorable Catherine Torres-Stahl, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
              Liza A. Rodriguez, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: January 17, 2024

ABATED AND REMANDED; MOTION TO WITHDRAW GRANTED

In this appeal, court-appointed counsel filed an *Anders* brief and a motion to withdraw. Because there is an arguable ground for appeal, we grant counsel's motion to withdraw and abate this appeal. We withdraw our May 3, 2023 submission date; the appeal will be reset for submission at a later date. We remand the cause for the trial court to appoint new appellate counsel.

### BACKGROUND

On October 22, 2021, Arnoldo A. Almeida pled nolo contendere to a third-degree felony. In accordance with the plea agreement, the trial court sentenced Almeida to six-years'

confinement, and it imposed a fine of $1,000 and court costs of $310. It also suspended his sentence and ordered community supervision.

On October 7, 2022, after Almeida pled true to violating a condition of his community supervision, the trial court revoked his community supervision. It ordered him "punished in accordance with the judgment and sentence originally entered in this cause." The judgment imposes court costs of $1,520.

Court-appointed counsel Vincent D. Callahan filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). In the brief, counsel asserts that he reviewed the entire record and found no arguable points of error. *See Kelly*, 436 S.W.3d at 319; *Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, no pet.). Counsel also filed a motion to withdraw.

## INDEPENDENT REVIEW

"Under *Anders*, after receiving a brief claiming that there are no arguable grounds for appeal, the reviewing court must review the record to make an independent determination." *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (emphasis removed); *accord Anders*, 386 U.S. at 744.

Having conducted an independent review of the record that is presently before us, we conclude there is an arguable ground of appeal. *See Stafford*, 813 S.W.2d at 511; *Nichols*, 954 S.W.2d at 85.

## A.    Article 42.15 Requirement for Inquiry on the Record

The record does not show that the trial court complied with the statutory requirement to conduct an inquiry *on the record* regarding the defendant's ability to pay the fine and costs.

> Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court as provided by Article 27.13, 27.14(a), or 27.16(a), a court shall inquire *on the*

*record* whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs.

Tex. Code Crim. Proc. Ann. art. 42.15(a-1) (emphasis added) (effective Sept. 1, 2021); *Cruz v. State*, No. 14-21-00454-CR, 2023 WL 3236888, at *4 (Tex. App.—Houston [14th Dist.] May 4, 2023, pet. granted) (recognizing the trial court's duty "to act sua sponte and hold an ability-to-pay inquiry when a fine or costs are imposed on a defendant in the judgment").

## B.    Optional Statutory Waiver

"A defendant may waive the requirement for the inquiry described by Subsection (a-1) to be on the record." Tex. Code Crim. Proc. Ann. art. 42.15(a-2). The record is silent on whether Almeida waived the requirement for the inquiry to be on the record. *See id.*

## C.    Error Preservation

The record does not show that Almeida asserted that he was unable to pay the fine or costs. *Cf. Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014) (recognizing that "a claim challenging the bases for the imposition of court costs [may be raised] for the first time on appeal"). *Compare Cruz*, 2023 WL 3236888, at *4 (citing *Proenza v. State*, 541 S.W.3d 786, 792 (Tex. Crim. App. 2017)) (concluding "that a defendant's right to an ability-to-pay inquiry is 'fundamental to the proper functioning of our adjudicatory system' [and holding that an] appellant was not required to preserve this complaint for appeal through objection"), *with Rodgers v. State*, No. 06-23-00101-CR, 2023 WL 6379018, at *2 (Tex. App.—Texarkana Oct. 2, 2023, no pet.) (concluding that a failure to timely "object to the trial court's imposition of fines and court costs 'at the earliest possible opportunity' [did not] preserve [appellant's] complaint for [appellate] review" (quoting *Davison v. State*, 602 S.W.3d 625, 648 (Tex. App.—Texarkana 2020, pet. ref'd))).

**D. Article 43.035(a)'s Applicability**

The record is also silent on whether the trial court conducted an inquiry on the record *after* it rendered its October 7, 2022 judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 43.035(a) (requiring the trial court, on the defendant's request, to "hold a hearing to determine whether that portion of the judgment imposes an undue hardship on the defendant"); *id.* art. 43.035(e) (vesting the trial court with continuing "jurisdiction for the purpose of making a determination under this article"); *Sloan v. State*, 676 S.W.3d 240, 242 n.2 (Tex. App.—Tyler 2023, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 43.035(a), (e)) (noting a defendant's right to request a hearing and the trial court's jurisdiction to hold it); *see also Clifton v. State*, No. 01-22-00641-CR, 2023 WL 5437181, at *25 n.33 (Tex. App.—Houston [1st Dist.] Aug. 24, 2023, pet. filed) (mem. op.) ("Because we are remanding the case to the trial court to reassess the amount of court costs, the trial court will have an opportunity to inquire on the record into [the defendant's] ability to pay costs and make any modifications to the judgment it deems necessary.").

**E. Case of First Impression**

We have not previously considered the question which the record currently before us presents: Is it reversible error if the record does not show that the trial court conducted an inquiry on the record regarding the defendant's ability to pay a fine and court costs? *See* TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1); TEX. R. APP. P. 44.2; *Cruz*, 2023 WL 3236888, at *4.

We have not found any mandatory authority on this question from the Court of Criminal Appeals, and there is not a clear, well-established consensus among our sister courts. *E.g.*, *Cruz*, 2023 WL 3236888, at *5 (criticizing the analysis in *Hernandez-Faced v. State*, 661 S.W.3d 630, 638 (Tex. App.—Houston [14th Dist.] 2023, pet. ref'd)); *Rodgers*, 2023 WL 6379018, at *2.

Accordingly, this is an arguable ground of appeal.

**F.       Scope of Opinion**

This opinion identifies an arguable ground of appeal.  *See Nichols*, 954 S.W.2d at 86.  In it, we have cited statutes, rules, and opinions which *may* be applicable to the question before us.  The cited authorities are not an exhaustive list: other statutes, rules, or opinions may apply.  Further, by citing opinions, we are neither adopting nor rejecting their reasoning.

On remand, the new appellate counsel must brief the issue we have identified.  *See id.*  Our identification of an *arguable* ground of appeal is not a predetermination that this record presents reversible error; it is an opportunity for Appellant to brief the identified issue "as well as any additional grounds that the attorney discovers," and for the State to respond.  *See id.*

### *ANDERS* PROCEDURE

In his *Anders* brief, court-appointed counsel advised this court that he had reviewed the record but concluded that there were no arguable points of error.  Because our independent review has determined there is an arguable ground of appeal, we grant Vincent D. Callahan's motion to withdraw.  *See Nichols*, 954 S.W.2d at 86.

We withdraw our May 3, 2023 submission date.  After the briefs are filed, we will reset this case for submission.  We abate this appeal and remand the cause to the trial court.  We order the trial court to appoint a different attorney to represent Appellant on appeal and notify this court of the appointment within forty-five days of our order.  *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *Stafford*, 813 S.W.2d at 511.  If Appellant wishes to prosecute this appeal, new appellate counsel must file a brief that addresses the issue we have identified and any other arguable grounds for appeal.  *See Bledsoe*, 178 S.W.3d at 827; *Stafford*, 813 S.W.2d at 511.

PER CURIAM

Publish